IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-213-BO

GARRY SANDERS )
        Plaintiff, )
)
v. ) ORDER
)
FELLOWSHIP HEALTH RESOURCES, )
MS. HURLEY, DR. MAURER, )
        Defendants. )

On May 21, 2020, plaintiff filed a complaint in this Court without either paying the filing fee or filing a motion to proceed *in forma pauperis*. On May 27, 2020, United States Magistrate Judge Robert T. Numbers, II, entered an order notifying plaintiff of the deficiencies and directing him to correct the deficiencies within fourteen days or risk dismissal of his complaint. [DE 2]. On June 16, 2020, plaintiff filed a motion to proceed *in forma pauperis*, as well as other case opening documents. [DE 3-5]. He also filed a motion to open. [DE 6].

## DISCUSSION

Although plaintiff's motion to proceed *in forma pauperis* was filed more than fourteen days following entry of Magistrate Judge Numbers' order, the Court will consider plaintiff's request to proceed without prepayment of fees. Plaintiff has sufficiently demonstrated appropriate evidence of inability to pay the required costs of court, and his motion to proceed *in forma pauperis* [DE 3] is GRANTED. A claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff proceeding *in*

*forma pauperis* "must meet certain minimum standards of rationality and specificity," and delusional or fantastic claims which are clearly baseless are subject to dismissal. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A court may further dismiss all or any part of a complaint which fails to state a claim upon which relief can be granted or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint alleges a single claim against defendants for violation of the Eighth Amendment's prohibition on cruel and unusual punishment. The claim arises from plaintiff's attempts in 2009 to have his driver's license restored. Plaintiff alleges that he took a forty-hour class at Fellowship Health, which then failed to submit a 508 form to the Department of Motor Vehicles on plaintiff's behalf. Plaintiff alleges that he attended more than the recommended forty hours of class, that defendants took his money and did not send in the 508 form, and that this failure has prolonged plaintiff being without a driver's license and employment.

The Eighth Amendment's prohibition on cruel and unusual punishment "was designed to protect those convicted of crimes, and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (internal quotations and citations omitted). "A sentenced inmate . . . may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). Thus, the Eighth Amendment is implicated only when evaluating punishment inflicted after a conviction. *Tibbs v. Williams*, 263 F. Supp. 2d 39, 41 (D.D.C. 2003).

Plaintiff has failed to allege any fact which would show that taking a class in an effort to restore his driver's license following a D.W.I. conviction is part of his punishment. Moreover, 42 U.S.C. § 1983 provides a cause of action for the violation of constitutional rights by persons acting

2

under color of state law. A plaintiff must therefore allege that the defendant was acting under the color of state law and that the defendant's conduct deprived plaintiff of a right secured by the Constitution. *See Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1366 (1989). Plaintiff brings his claim against Fellowship Health Resources, Ms. Hurley, and Dr. Maurer, whom he has not alleged are state actors for purposes of bringing a claim under § 1983 for an alleged violation of his constitutional right. *See also Vassallo v. Clover, Div. of Strawbridge & Clothier*, 767 F. Supp. 651, 653 (E.D. Pa. 1990) (Eighth Amendment involves state's custodial powers).

This is not a case of the Court dismissing a complaint because it believes that "actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks omitted). This is also not a case of potentially cognizable claims being dismissed for "failure to state them with technical precision." *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965). Here, it is readily apparent that there are no cognizable claims. Accordingly, the complaint is properly DISMISSED AS FRIVOLOUS. The motion to open [DE 6] is DENIED.

SO ORDERED, this 22 day of July, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3